**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Metro Living LLC, et al., | No. CV-20-01680-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Phoenix Insurance Company, et al., | |
| Defendants. | |

    Before the Court is Defendants Travelers Property Casualty Company of America and Phoenix Insurance Company's Motion for Award of Attorneys' Fees and Costs (Doc. 29). For the following reasons, the Motion will be granted.

**I.      BACKGROUND**

    On July 16, 2020, Plaintiffs filed a Complaint in the Superior Court of Arizona (Doc. 1 Ex. A) and on August 27, 2020, Defendants removed the action to this Court (Doc. 1). The Complaint sought a declaratory judgment regarding whether Defendants refused to defend one of its insureds, agreed to defend the insured subject to a reservation of rights, or need not take a position unless and until Plaintiffs sued the insured. (Doc. 10 at 2). On November 5, 2020, this Court dismissed the Complaint because it did not present a justiciable controversy, but rather sought an impermissible advisory opinion. (Doc. 27). The Court concluded Plaintiffs added an unnecessary step to the litigation by seeking a declaration regarding Travelers' *position* on its coverage obligations, rather than on what Defendants' coverage obligations actually were.

Defendants now seek $17,486 in attorneys' fees and have provided itemized invoices reflecting the time spent defending this case. (Doc. 29 at 7-39). Defendants also attach as an exhibit an email from Plaintiffs' counsel in which Plaintiffs indicate they "do not have any objection to the reasonableness of your fees." (Doc. 34 at 5). In their Response, Plaintiffs do not refute the reasonableness of the fees. Instead, they reiterate their substantive arguments from the underlying litigation (*i.e.*, that Defendants made inconsistent statements that prejudiced Plaintiffs) and argue the Court should deny fees because "any award of fees here would have a chilling effect on future legitimate suits by insureds, where an insurer takes multiple inconsistent positions on coverage and refuses to clarify its stance." (Doc. 33 at 3-4).

## II.   LEGAL STANDARD

Arizona Revised Statute § 12-341.01 provides that, in "any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees" to "mitigate the burden of the expense of litigation." *Id.* However, courts must consider six factors in deciding whether to grant attorney's fees: (1) the merits of the unsuccessful party's claim; (2) whether the litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question presented was novel or had been previously adjudicated; and (6) whether a fee award would discourage other parties with tenable claims from litigating. *Associated Indem. Corp. v. Warner,* 694 P.2d 1181, 1184 (Ariz. 1985).

## III.   ANALYSIS

This action arises out of a contract, *i.e.* Plaintiffs' insurance policy. Defendants are the prevailing party because the Court granted their Motion to Dismiss (Docs. 7 & 27). And it goes without saying that Defendants seek fees to mitigate the expense of litigation. Further, for the following reasons, the majority of the factors above favor granting Defendants' request for attorneys' fees.

Regarding the first factor, the merits of Plaintiffs' unsuccessful claims are difficult

to assess because Plaintiffs brought this suit prematurely. For this same reason, the second factor weighs in favor of granting the fees: The expense of litigating this case to dismissal could have been avoided if Plaintiffs sought a declaration on the coverage issue rather than prematurely seeking clarification of Defendants' position. The third factor also weighs in favor of granting the fees, as Plaintiffs provide no evidence of any hardship the fee award would cause them. The fourth factor weighs in favor of granting the fees too, because Defendants prevailed with respect to all the relief sought: The Complaint was dismissed in its entirety. The fifth factor is neutral, as *Damron*/*Morris* agreements have been litigated before, and this particular case presented more of a procedural issue than a substantive one.

The sixth and final factor weighs in favor of granting the fees. This factor asks whether awarding the fees would dissuade litigants from bringing *tenable* legal claims. *Associated Indem. Corp.*, 694 P.2d at 1184. The Court is not persuaded by Plaintiffs' argument that awarding Defendants attorneys' fees would have a chilling effect on insured lawsuits, since Plaintiffs sought an impermissible advisory opinion here. In fact, to the contrary, denying Defendants attorneys' fees here after they litigated and successfully dismissed a lawsuit that was brought absent a true controversy would only encourage insureds to seek advisory opinions without fear of penalty. The Court will not do so here.

On balance, the factors weigh in favor of granting Defendants' Motion for Attorneys' Fees. Because the fees requested are reasonable, and because Plaintiffs do not object to the reasonableness of the fees requested, the Court will grant the Motion to the full extent. *See* LRCiv 54.2 (instructing that, in opposing a fee award, a party "*shall* identify with specificity all disputed issues of material fact and shall separately identify each and every disputed time entry or expense item") (emphasis added). Accordingly,

**IT IS ORDERED** that Defendants' Motion for Attorneys' Fees (Doc. 29) is **granted**.

///

///

///

1 **IT IS FURTHER ORDERED** that Defendants' are awarded attorneys' fees in the amount of $17,486 under A.R.S. § 12-341.01.

Dated this 11th day of January, 2021.

Honorable Steven P. Logan
United States District Judge